UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
SITTING AT GREENEVILLE

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA**, | ) | Case No.: 2:23-CR-111 |
| | ) | |
| v. | ) | |
| | ) | |
| **SEAN CHRISTOPHER WILLIAMS,** | ) | |
| *Defendant.* | ) | |

**MOTION TO CONTINUE**

Now comes the Defendant, Sean Christopher Williams, by and through Counsel, Joseph O. McAfee, and hereby moves this Honorable Court to continue the trial currently scheduled for May 21, 2024 at 9:00 a.m. and deadlines associated with the current trial setting. In support, the Defendant would show unto the court as follows:

1. The undersigned has requested one previous continuance of the trial in this matter.

2. Discovery materials have been provided by the United States but for copies of digital evidence held in the custody of the FBI. Upon information and belief, the digital evidence held in the custody of the FBI consists of numerous digital files on USB drives, phones, hard drives, and laptops which are relevant to the trial of the case.

3. As addressed in the recent status hearing and in the Motion to Continue, the digital evidence must be examined by an expert in digital forensics prior to resolution of the case.

4. Upon information and belief, the digital evidence herein referred has not been copied and released to the undersigned due to the nature of some of the digital evidence and its possible relation to ongoing investigations. Despite the exercise of due diligence in retaining a digital forensics expert, review of the digital evidence has not taken place due to challenges associated with scheduling and retaining a digital forensics expert as set forth further below.

5. The expert in digital forensics for which the undersigned had sought funding under the Criminal Justice Act ("Expert 1") informed the undersigned on March 11, 2024 that Expert 1 would no longer agree to provide expert services in the case. Upon information and belief, this declination is a result of the challenges experienced in obtaining approval of their requested fees. However, Expert 1 was kind enough to refer an alternative expert in digital forensics with whom the undersigned is currently seeking approval of funding ("Expert 2"). Expert 2 has cooperated with the undersigned in developing a scope of work and strategy for Expert 2's review of forensic information associated with the digital evidence.

6. Several recent appointments to review digital evidence at the FBI Field Office, including the collection of metadata for review by Defendant's digital forensics expert, had to be rescheduled by the FBI. The undersigned and Defendant's private investigator met with the case agent for the FBI on Thursday, March 28, 2024 and collected metadata associated with digital evidence in the case. The undersigned anticipates the metadata collected is that of evidence which the United States will seek to introduce in its case-in-chief at trial.

7. The metadata was provided to Expert 2 for examination on Thursday, March 28, 2024. Once the metadata may be fully reviewed by Expert 2, the undersigned will be in position to determine whether any exculpatory material may be present and whether any dispositive motions should be filed.

8. The undersigned and the Defendant have met in person on six occasions since the undersigned was appointed in December 2023. Meetings have taken place inside the United States Courthouse and the detention facility which houses the Defendant.

   The restrictions on access to the Defendant at the detention facility contribute to this request for a continuance. The Defendant and the undersigned are restricted to noncontact visitation which causes the interview process and the review of materials associated with the case to be challenging and less productive than might otherwise be possible. The interviews with the Defendant are required to be conducted by phone on opposite sides of a glass barrier. Previous challenges presented resulting from the Defendant's need for access to corrective lenses have been recently resolved due to the efforts of the United States Marshals Service. The distance from the office of the undersigned to the facility in which the Defendant is held in custody presents an additional challenge in preparing the Defendant's case. Remote phone calls are available and are productive but are no substitute for personal meetings.

Page **3** of **5**

Case 2:23-cr-00111-JRG-CRW    Document 34    Filed 03/29/24    Page 3 of 5    PageID #: 160

9. Despite the exercise of due diligence, the undersigned cannot yet conclude whether any further motions, dispositive or otherwise, will be required to be filed on the Defendant's behalf in the interest of effective representation.

10. The undersigned has consulted with AUSA Meghan Gomez regarding the relief requested in this Motion. AUSA Gomez represents that the United States understands the position of the undersigned but does not wish to agree outright to the relief requested herein.

11. The undersigned suggests the circumstances presented constitute good cause in the interest of justice for a continuance of the trial and associated deadlines in the matter. If the Court is inclined to grant the relief requested herein, the undersigned and the United States, upon information and belief, wish to be heard on the calendaring of the trials to reasonably avoid any further delay in the resolution of the Defendants' matters.

**WHEREFORE**, the Defendant moves the Court to continue the trial and associated deadlines to a date convenient for the Court.

*Respectfully Submitted*,

/s/ Joseph McAfee

Page **4** of **5**

Case 2:23-cr-00111-JRG-CRW   Document 34   Filed 03/29/24   Page 4 of 5   PageID #: 161

_____
Joseph O. McAfee, BPR #029291
McAfee & McAfee, PLLC.
127 South Main Street
Greeneville, TN 37743
Phone: (423) 638-7000
Fax: (423) 638-9999
Email: joseph@mcafeeattorneys.com

*Attorney for Defendant*