UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

UNITED STATES OF AMERICA

v.                                              Case No.:      2:23-CR-00111

SEAN CHRISTOPHER WILLIAMS

### MOTION TO RESET THE MOTION DEADLINE FOR CASE CR-111

1. JULY 11, 2024 is the day that I was forced to proceed pro se with my court day being reset to July 26, 2024 leaving only 11 days before trial for CR-27 and 10 days for the motion deadline in case CR-111. Since that time, for case CR-27 alone, I have received 761 pages of discovery. 240 pages of Federal court rules for procedures and evidence. 52 pages of District court rules, 12 cases referenced in filings relating to CR-27 totaling 166 pages, 30 pages of memorandum and orders. And many other subjects directly related to case CR-27. Totaling 1384 of pages received only a week before trial.

2. Additionally, the government has within the last couple days added 44 video calls totaling over 60 gigabytes, and 972 more pages added to discovery 5 days before trial. I have not seen this information as it was promptly mailed by Mr. Berenshteyn but not yet received. Witnesses remain to be contacted and interviewed.

3. A total of 2356 pages of material, primarily discovery, that has not been reviewed in any way. Despite Mr. Berenshteyn spending 6 hrs over the last several days as visits are limited to two hours. To date only two 2 hour visits have been permitted that were not "non contact."

4. I have been given only 12 days to process this information (including 972 pages not received yet), interview several witnesses, develop relevant motions, jury questions, defense theory, and review evidence collected from Washington county jail which also has not been received yet while being given only 1 hr a day to use the law library, take a shower, and make phone calls. Other items needed and requested multiple times in writing for weeks but not yet received is the court transcripts from April 30 and July 11.

5. Additionally, the motion deadline for case CR-111 is the day before trial for CR-27 leaving no reasonable time to prepare for either case adequately. Several motions need to be filed in case CR-111 including a continuance. Motions that needed to be written for case CR-27 before trial include:

    a. MOTION TO ALLOW PERMISSION TO FILE MOTIONS PAST DEADLINE (Deadline for case CR-27 had expired before myself or Mr. Berenshteyn took over the cases)

  b. MOTION TO CONTINUE

  c. MOTION TO COLLECT THE EVIDENCE NEEDED FROM WCDC

  d. MOTION IN LIMINE FOR CASE CR-27

  e. MOTION IN OPPOSITION TO MOTION IN LIMINE FOR CASE CR-27

  f. MOTION TO REQUEST FUNDS TO RETAIN EXPERT FOR CASE CR-27

  g. MOTION TO COMPEL MAJOR BRETT JENKINS 7\19. 26:51

  h. MOTION TO SEVER CHARGES IN CASE CR-27 TO ALLOW A NONPREJUDICIAL TRIAL

  i. SPOLIATION OF EVIDENCE MOTION

6. Motions remain to be filed in case CR-111 such as:

  a. MOTION TO CONTINUE CR-111

  b. MOTION TO SUPPRESS EVIDENCE IN CASE CR-111

  c. MOTION TO REQUEST FUNDS TO RETAIN COMPUTER EXPERT

  WHEREFORE, I would ask that the motion deadline be reset to allow for the ability to consider, draft, and file motions toward case CR-111 without the immediate and direct interference of trial or preparing from nearly scratch for trial for case CR-27.

SEAN CHRISTOPEHR WILLIMAS

/s/Sean Christopher Willimas, pro se
Sean Christopher Willimas, Pro se
920 East Lamar Alexander Parkway
Maryville, TN, 37804-5002

CERTIFICATE

  Sent via email from elbow counsel to grvlclerk@tned.uscourts.gov for filling and to meghan.gomez@usdoj.gov and greg.bowman@usdoj.gov on July 21, 2024