| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) Case No. 2:23-cr-00111 |
| | ) |
| SEAN CHRISTOPHER WILLIAMS, | ) |
| | ) |
| Defendant. | ) |

**OBJECTION TO AND MOTION IN LIMINE TO EXCLUDE EVIDENCE DISCLOSED AS PART OF THE GOVERNMENT'S NOTICE OF RULE 404(b) EVIDENCE**

COMES the Defendant Sean Christopher Williams ("Williams"), by and through undersigned counsel and hereby objects to and moves this Court to exclude introduction at trial of the evidence disclosed by the Government in its Notice filed on September 13, 2024. (ECF No. 103). In support of this objection, Williams shows this Court as follows.

## BACKGROUND

In its notice the Government proffers to offer the following evidence:

(1) The electronic devices found in the defendant's possession on April 29, 2023 contained over 100,000 images of child pornography that <u>appeared</u> to have been downloaded from the internet.

(2) The two (2) USB drives containing images of the three (3) minor victims in this case, also contained over 10,000 images of child pornography that <u>appeared</u> to be downloaded from the internet.

(3) The defendant frequently hosted parties at his apartment where he provided people with drugs and alcohol for free.

(4) The defendant assaulted the victim's mothers while they were unconscious. At least two (2) of the mothers believe they were drugged.

(5) The two (2) USB drives with images of the minor victims also contained videos and images of their mothers being sexually assaulted while unconscious.

(6) The mother of minor victim 1 saw the defendant run his finger over the lips of minor victim 1 while she was sleeping and while the defendant appeared to be masturbating.

(7) The two (2) USB drives contain other images of minor victims that have yet to be identified. These images <u>appear</u> to be produced by the defendant and depict the minors engaged in sexually explicit conduct.

(8) The two (2) USB drives contain numerous collages of produced images of minor victim 1 and 2, that were created on separate dates from the produced images; and

(9) The mother of minor victim 3 saw child pornography on the defendant's cell phone, which appeared to be produced by the defendant.

## ARGUMENT

In its notice the Government seems to indicate that while providing Williams a 404(b) notice as required that the proffered evidence is not 404(b) evidence at all and is instead intrinsic evidence or admissible under separate rules 413 and 414.[1] This evidence is not background or "res gestae" evidence but is nothing more that propensity evidence subject to Rule 404(b).

"Res gestae or background evidence consists of those other acts that are inextricably intertwined with the charged offense or those acts, the telling of which is necessary to complete the story of the charged offense." *United States v. Lanier*, 2021 U.S. Dist. Lexis 236422 at *2 – 3 (N.D. Ohio Dec. 10, 2021) (citing, *United States v. Hardy*, 228 F.3d 745, 748 (6th Cir. 2008)). "Proper background evidence has a causal, temporal, or spatial connection with the charged offense." *Id*. at *3. "Examples of res gestae evidence include evidence that is a prelude to the charged offense, arises from the same events as the charged offense, forms [an] integral part of a witness's testimony, or completes the story of the charged offense." *Id*. "When used properly, res gestae evidence does not implicate Federal Rule of Evidence 404(b), which generally bars

---

[1] Williams will separately respond to the Government's notice under Fed. R. Evid. 413 and 414. (Doc. No. 108)

2

evidence of past acts to prove character." *Id*. (citing, *United States v. Churn,* 800 F.3d 768, 779 (6th Cir. 2015)).

The Sixth Circuit summarized the purpose and balance of res gestae evidence in *Lanier*:

"The purpose of background evidence is to put charges in the appropriate context. It would be exceedingly difficult for witnesses to relay a story without referencing proceeding or contemporaneous acts that are incidental but necessary to telling a cogent story, as it relates to the charges the defendant is facing. Thus, defendants are not entitled to a sanitized recitation of the facts…and prosecutors are not restricted to provide only discrete elements of a crime in such a way that they would be unable to offer the jury a natural narrative of events." *Id*. at *3 – 4 (citing, *United States v. Gibbs*, 797 F.3d 416, 424 (6th Cir. 2015)).

The United States proffered evidence is not background evidence, but classic propensity Rule 404(b) evidence. Williams addresses each category:

(1) The 100,000 images allegedly found in Williams' possession on April 29, 2023, do not involve the victims in this case. Moreover, the Government asserts only these images "appear" to be downloaded from the internet but speculates that Williams is the person who in fact did so.

(2) The same objection applies. Outside of being on the same USB drive as the three minor victims whose images are at issue in this case, there's no connection to those victims and again nothing but speculation that Williams downloaded those images.

(3) The fact that Williams hosted parties and provided drugs and alcohol for free does not have a causal, temporal, or spatial connection to the images of the victims in this case. There's no proof that those parties occurred simultaneously with the images of the minor victims.

(4) Likewise, evidence that the victim's mothers were assaulted while unconscious and at least two of the mothers believed they were drugged has no temporal, spatial or causal connection to the images of the minor victims. There is no proof the alleged assaults occurred on the same date that the photographs were taken of the minor victims.

(5) The same objection applies to category five.

(6) The government has not provided a time in which this supposedly happened and there's no way to evaluate whether this evidence is connected to the images of the minor victims.

(7) Unrelated minor victims are not at issue and there is no claim they are in any way connected or related to the actual minor victims. Likewise, the Government can only say that Williams "appeared" to produce the images.

3

(8) Here, the Government concedes the images were made on separate dates; and

(9) The Government can only say Williams <u>appeared</u> to have produced these images.

As this evidence is not background evidence necessary to complete a witness's testimony, it is evidence subject to Federal Rule of Evidence 404(b) and the Rule 403 balancing test.

Fed. R. Evid. 404(b) provides –

"(b) Other Crimes, Wrongs, or Acts
(1) Prohibited Uses. Evidence of any other crime, wrong or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.
(2) Permitted Uses. This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake or lack of accident."

*Fed. R. Evid. 404(b) (West 2024)*.

A three-factor test determines the admissibility of this evidence. "[T]he court must determine (1) that the other acts actually occurred; (2) that they are admissible for a permissible Rule 404(b) purpose; and (3) that the acts probative value is not substantially outweighed by the danger of unfair prejudice." *United States v. Collins*, 2022 U.S. Dist. Lexis 164961 at * 6-7 (E.D. Tenn. Sept. 13, 2022).

Here the Government's notice provides "there is sufficient evidence to support a finding by the jury that the defendant committed other acts" and those "other acts are relevant to intent or knowledge which are elements of the crime charged."

But there is not sufficient evidence to support a finding that he committed the other acts. The same reasoning cited by Williams above applies here. There's only an "appearance" that Williams downloaded images from the internet and no proof that the sexual assaults on the minor victim's mothers occurred simultaneously or close in time to the images involving the minor victims charged in the Indictment.

4

Even if the Government could meet the first two factors, the probative value of the other acts is substantially outweighed by the risk of unfair prejudice to Williams. Prejudice is defined as suggesting a decision made an improper basis, and that's exactly where this evidence leads the jury. Permitting the jury to hear evidence of drugged mothers who are sexually assaulted while unconscious and parties where drugs and alcohol apparently flowed free amongst what we can only assume were consenting adults leads to the conclusion that Williams was simply drugging people to take advantage of them. The natural inference is that Williams is a bad person and must have taken the photographs. Whether Williams is guilty, and is a bad person is for the jury to decide on the facts and evidence presented at trial.

"Under Rule 403, a district court may exclude relevant evidence if its probative value is substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." *United States v. Lanier*, 2021 U.S. Dist. Lexis 23644 at *4 (N.D. Ohio Dec. 10, 2021).

Permitting evidence of over 100,000 additional images of child pornography is unnecessary to prove the charges in the indictment, and will only serve to inflame the jury and deny Williams his constitutional right to a fair trial.

## CONCLUSION

For reasons set forth herein, the Defendant Sean Christopher Williams respectfully requests this Court preclude the introduction of the evidence in the notice filed on September 13, 2024.

Respectfully submitted this 11th day of October 2024

/s/ Mark E. Brown
Mark E. Brown (BPR #021851)
MENEFEE & BROWN, P.C.
2633 Kingston Pike, Ste. 100
Knoxville, Tennessee 37919
Phone: (865) 357-9800

5

Fax: (865) 357-9810
email: mbrown@menefeebrown.com

*Attorney for the Defendant Sean Christopher Williams*

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of October 2024 a true and exact copy of this document has been served via this Court's electronic filing system. Service is made on all parties appearing on this Court's electronic service certificate. All parties in interest may access this pleading via ECF.

/s/ Mark E. Brown
Mark E. Brown