IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) Case No. 2:23-cr-00111 |
| | ) |
| SEAN CHRISTOPHER WILLIAMS, | ) |
| | ) |
| Defendant. | ) |

**OBJECTION TO AND MOTION IN LIMINE TO EXCLUDE EVIDENCE AS PART OF THE UNITED STATES NOTICE UNDER RULE 413 and 414**

COMES the Defendant Sean Christopher Williams ("Williams"), by and through counsel, and hereby files this Objection and Motion in Limine to Exclude the evidence disclosed in the United States' Notice of Intent to Admit Evidence of Prior Child Molestations and Sexual Offenses pursuant to Federal Rules of Evidence 413 and 414. (ECF Doc. No. 108).

## INTRODUCTION

In the United States' notice, the Government proffers to admit the following evidence at Williams' trial:

1. Electronic devices found in Williams' possession on April 29, 2023 contained over 100,000 images of child pornography that appeared to be downloaded from the internet.
2. Two (2) USB drives that contained images of three minor victims also contained over 13,000 images of child pornography that appeared to be downloaded from the internet.
3. Williams molested at least two (2) other prepubescent child victims, and the two (2) USB drives contained images of these assaults.
4. The mother of minor victim 3 saw a photograph of the Williams' cell phone that appeared to be a prepubescent child being molested by Williams.
5. Williams sexually assaulted women and the USB drives contain videos and images depicting the assault and
6. Williams assaulted the 3 victims' mothers while they were unconscious.

# ARGUMENT

## I. Applicable Rules

Fed. R. Evid. 413 provides –

"Similar Crimes in Sexual-Assault Cases

(a) Permitted Uses. In a criminal case in which a defendant is accused of sexual assault, the court may admit evidence that the defendant committed any other sexual assault. The evidence may be considered on any matter to which it is relevant.
(b) Disclosure to the Defendant. If the prosecutor intends to offer this evidence, the prosecution must disclose it to the defendant, including witnesses' statements or a summary of the expected testimony. The prosecutor must do so at least 15 days before trial or at a later time that the court allows for good cause.
(c) Effect on Other Rules. This rule does not limit the admission or consideration of evidence under any other rule.
(d) Definition of Sexual Assault. In this Rule and Rule 415, sexual assault means a crime under federal law or under state law (as state is defined in 18 U.S.C. §513) involving:
(1) any conduct prohibited by 18 U.S.C. chapter 109A
(2) contact, without consent, between any part of the defendant's body – or an object – and another person's genitals or anus.
(3) contact, without consent, between the defendant's genitals or anus and any part of another person's body.
(4) deriving sexual pleasure or gratification from inflicting death, bodily injury, or physical pain on another person, or
(5) an attempt or conspiracy to engage in any conduct described in subparagraphs (1) – (4)."

*Fed. R. Evid. 413 (West 2024)*.

Federal Rule of Evidence 414 provides –

"Similar Crimes in Child Molestation Cases.

(a) Permitted Uses. In a criminal case in which a defendant is accused of child molestation, the court may admit evidence that the defendant committed any other child molestation. The evidence may be considered on any matter to which it is relevant.
(b) If the prosecutor intends to offer this evidence, the prosecutor must disclose it to the defendant, including witnesses' statements or a summary of the expected testimony. The prosecutor must do so at least 15 days before trial or at a later date as the court allows for good cause.
(c) Effect on Other Rules. This rule does not limit the admission or consideration of evidence under any other rule.
(d) Definition of "Child" and "Child Molestation". In this Rule and Rule 415:
(1) "Child" means a person below the age of 14; and

(2) "Child molestation" means a crime under federal law involving:
(A) Any conduct prohibited by 18 U.S.C. chapter 109A and committed with a child.
(B) Any conduct prohibited by 18 U.S.C. chapter 110
(C) Contact between any part of the defendant's body – or an object – and a child's genitals or anus.
(D) Contact between the defendant's genitals or anus and any part of a child's body.
(E) Deriving sexual pleasure or gratification from inflicting death, bodily injury, or physical pain on a child or
(F) An attempt or conspiracy to engage in conduct described in subparagraphs (A) – (E).

*Fed. R. Evid. 414 (West 2024)*.

## II. The United States Proffered Evidence Should be Excluded despite Federal Rule of Evidence 414

Whether Rule 414 evidence is admissible is left to the discretion of the trial court while considering both the evidence and any prejudice to Williams. "Evidence of a defendant's prior misdeeds usually cannot be admitted at trial to show his propensity to commit the charged offense." *United States v. Hruby*, 19 F. 4th 963, 966 (6th Cir. 2021). "But when the crime charged involves child molestation Rule 414(a) provides an exception. It says that in a criminal case in which a defendant is accused of child molestation, the court may admit evidence that the defendant committed any other child molestation." *Id*. "The evidence may be considered on any matter which it is relevant. Fed. R. Evid. 414(a). Under the rule's plain terms, the evidence that a defendant previously molested a child may be admitted in a criminal case if he is accused of child molestation and it is offered on a relevant matter." *Id*. Importantly, "[r]ule 414(a) evidence, like other similar acts evidence, is relevant only if the jury can reasonably conclude the act occurred and the defendant was the actor." *Id* at 966 – 67. Also important, "[e]vidence offered under Rule 414(a) is subject to Rule 403, which allows district courts to exclude relevant evidence if its probative value is substantially outweighed by the danger of…undue prejudice. Fed. R. Evid. 403.

3

Broad discretion is given to district courts in determinations of admissibility based on conditions of relevance and prejudice and those decisions will not be lightly overruled." *Id.* at 968 – 69.

In its notice, the United States argues (1) the jury can reasonably conclude Williams committed the other acts of child molestation as the images were stored in the same USB drives, stored on several other devices, saved in similar file structures, and showed similar sexually explicit conduct; (2) the act others are relevant showing Williams' sexual interest in children; and (3) the probative value of the evidence is not substantially outweighed by a risk of undue prejudice due to their similarity.

But the notice indicates that the over 100,000 other images of child pornography appear to have been downloaded from the internet. The United States offers no proof that Williams actually did so. The relevance cited by the United States that the photographs would show a sexual interest in children is apparent from the photographs of the minor victims. That is just one factor showing the evidence's unduly prejudicial effect. In *United States v. Veerkamp*, 636 F. Supp. 3d 873 (S.D. Ohio 2022), the Court noted that the "Sixth Circuit has recognized that prior bad acts evidence may be potentially prejudicial because it is both inflammatory and distracting." *Id*. at 878 (citing, *United States v. Stout*, 509 F. 3d 796, 801 (6th Cir. 2007)). As the Sixth Circuit has explained:

> "Inflammatory details that have little probative value would be considered unfairly prejudicial – as opposed to simply prejudicial. *United States v. Sims*, 708 F. 3d 832, 835 – 36 (6th Cir. 2013) (citing, *United States v. Bilderbeck*, 163 F. 3d 971, 978 (6th Cir. 1999) (noting that unfair prejudice mean(s) the undue tendency to suggest a decision based on improper considerations)). Details have been considered inflammatory enough to be unfairly prejudicial when the prior acts were more lurid and more interesting than the evidence surrounding the actual charges."

*Id*.

It is decidedly more lurid to introduce evidence that Williams sexually assaulted 64 women and allegedly assaulted the victims' mothers while they were unconscious. Allowing the

4

Case 2:23-cr-00111-JRG-CRW   Document 115   Filed 10/11/24   Page 4 of 7   PageID #: 2195

introduction of the United States proffered Rule 414(a) evidence will create the exact scenario the court in *Veerkamp* was concerned about in permitting the introduction of unproven allegations. "The Court also notes that because the prior acts the United States is seeking to introduce are unproven, the introduction of those prior acts could shift the focus of the jurors from the current charges and could turn into a series of distracting mini-trials." *Veerkamp*, 636 F. Supp. 2d at 878.

Williams respectfully moves this Court to exclude the United States proffered Rule 414(a) evidence.

### III. The United States Proffered Evidence Should also be Excluded despite Rule 413

The United States also seeks to introduce the proffered evidence under Federal Rule of Evidence 413. "Rule 413 provides that in a criminal case in which the defendant is accused of an offense of sexual assault, evidence of the defendant's commission of another offense or offenses of sexual assault is admissible and may be considered for its bearing on any matter to which it is relevant." *United States v. Seymour*, 468 F. 3d 378, 385 (6th Cir. 2006).

This portion of the United States notice appears to be directed at the non-minors. The notice provides –

> "The evidence the United States intends to admit is also evidence of sexual assault of adult women as defined in Rule 413(d). In several videos and photos created by the Defendant, the Defendant can be seen placing his penis on body parts of adult victims as well as touching the genitals of several victims. These videos and images appear to depict sexual contact without the victim's consent as many are unconscious during the sexual acts. Further witnesses would testify that they did not consent or were unaware of the defendant sexually assaulting them until they were informed by investigators."

The United States acknowledges that "the sexual assaults of the adult victims are not identical to the sexual assault of the minor victims" but argues that the evidence does not have to be identical so long as it is closely related to the offense and probative of intent. There's no question that is a true statement of the law, but the United States can only point to categorized file

5

structure, placement of bodies in a similar manner, and collages of the victims as being closely related.

The evidence is not similar at all. It attempts to equate one set of alleged victims (children) with another set of alleged victims (adults). The allegations that Williams may have raped multiple women (up to 64 as set forth in the notice) is far different that enticing a minor for the purposes of producing child pornography.

And this evidence is still subject to the Rule 403 balancing test. For the same reasons set for in Section II above, Williams incorporates by reference the arguments that the lurid details of raping multiple women distract the jury from the true issues in this case and is far too inflammatory to allow the jury to hear. Williams respectfully requests this evidence be excluded from the trial.

## CONCLUSION

For reasons set forth herein, the Defendant Sean Christopher Williams respectfully requests this Court exclude the evidence noticed by the United States under Fed. R. Evid. 413 and 414 from trial.

Respectfully submitted this 11th day of October 2024

/s/ Mark E. Brown
Mark E. Brown (BPR #021851)
MENEFEE & BROWN, P.C.
2633 Kingston Pike, Ste. 100
Knoxville, Tennessee 37919
Phone: (865) 357-9800
Fax: (865) 357-9810
email: mbrown@menefeebrown.com

*Attorney for the Defendant Sean Christopher Williams*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 11th day of October 2024 a true and exact copy of this document has been served via this Court's electronic filing system. Service is made on all those appearing on this Court's electronic service certificate. All parties in interest may access this pleading via ECF.

/s/ Mark E. Brown
Mark E. Brown