UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 2:23-CR-111 |
| | ) | JUDGE GREER |
| SEAN WILLIAMS | ) | |

**NOTICE OF INTENT TO OFFER EVIDENCE
OF CONSCIOUSNESS OF GUILT OF THE DEFENDANT**

The United States of America, by and through the United States Attorney for the Eastern District of Tennessee, files this notice of intent to introduce evidence of the defendant's flight as evidence of consciousness of guilt.

## I. INTRODUCTION

### A. Statement of Facts

In April of 2021, the defendant was indicted by a Federal Grand Jury for the Eastern District of Tennessee for possession of ammunition by a convicted felon in in case number 2:21-cr-027. For two years the defendant remained a fugitive. On April 29, 2023 he was arrested by police officers in North Carolina. During that encounter Officers approached the vehicle to conduct a wellness check and observed a white powdery substance in the passenger seat of the defendant's vehicle. Officers conducted a search of the vehicle and located large quantities of methamphetamine, cocaine, Mephedrone, and approximately $100,000.00 in cash.

Officers also located numerous electronic storage devices throughout the

Page—1

vehicle. The defendant was arrested for possession of the various drugs and his outstanding federal warrant. Officers obtained search warrants for the electronic and digital evidence located within the defendant's vehicle. Upon examination of two USB drives, investigators discovered images and videos of what appeared to be adult women being sexually assaulted, as well as Child Sexual Abuse Material (CSAM). The defendant appeared in several of the images molesting and assaulting the women and children.

The defendant was indicted by the Grand Jury for the Eastern District of Tennessee at Greeneville on September 12, 2023 based on the CSAM found on the two USB drives. (Doc. 1, Indictment). The defendant was charged with three counts of knowingly enticing or attempting to entice and coerce any minor to engage in sexually explicit conduct for the purpose of producing any visual depiction of such conduct, in violation of 18 U.S.C. § 2251(a) and (e). On September 14, 2023, the defendant appeared before the Magistrate Court for an initial appearance and arraignment. During that appearance he was informed of his charges. The defendant was ordered detained and was thereafter lawfully confined in the Laurel County Detention Facility in London, Kentucky, pending the completion of this case.

On October 18, 2023, the defendant was to appear before the Magistrate Court in Greeneville, Tennessee, on a motion hearing involving this case. On the morning of October 18, 2023, the defendant was placed in a Laurel County

transport van by a Laurel County detention deputy. The detention deputy then drove from Kentucky to the Federal Courthouse in Greeneville, Tennessee.

During the drive, the defendant was able to unlock his restraints. He then broke a window in the back of the van. Once the van was near the courthouse in Greeneville, Tennessee, the defendant jumped out of the window and ran down the street away from the van. The defendant knocked on the doors of several homes in the area to attempt to make a phone call but was unsuccessful. Eventually, he hid in an abandoned house for 30 days until he left the home and travelled to North Carolina in a stolen truck.

The defendant was indicted for Escape by the Grand Jury for the Eastern District of Tennessee at Greeneville, in a Second Superseding Indictment on November 15, 2023 in case number 2:21-cr-027.

On November 17, 2023, law enforcement received a tip that the defendant was spotted in Sylva, North Carolina driving a pickup truck near a department store. Agents and local law enforcement went to the scene, but the defendant had left the area before they arrived.

Agents were able to locate the truck the defendant was driving on the video surveillance. Agents then obtained the license plate number on the truck from the video surveillance. They learned that the truck was recently reported stolen in Greeneville, Tennessee. The license plate for the truck also allowed agents to track the truck to Central Florida, via toll readers.

On November 20, 2023, local law enforcement in Pinellas County, Florida, spotted the defendant and the truck in the area. However, the defendant fled the area on foot, leaving the truck behind before law enforcement could contact him.

On November 21, 2023, law enforcement in Pinellas County received a tip that the defendant was spotted at a convenience store. Local deputies and K-9 units responded to the area, but the defendant had already left the store prior to their arrival. Law enforcement began to canvas the immediate area and review the store's video surveillance.

A deputy canvassing the area observed the defendant walking northbound on a trail. However, the defendant changed directions and left the trail when he saw the deputy. Another deputy deployed his K-9 and tracked the defendant into the backyard of a home. The K-9 located the defendant hiding under a tarp in the backyard of the home where he was arrested.

The defendant appeared before a federal court in Florida and was eventually returned to the Eastern District of Tennessee. On July 26, 2024, the defendant was found guilty of Escape following a jury trial in case number 2:21-cr-027.

## II. DISCUSSION

"Flight has been deemed relevant to show guilt through consciousness of guilt. *United States v. Touchstone*, 726 F.2d 1116, 1119 (6th Cir. 1984); *United States v. Rowan*, 518 F.2d 685, 691 (6th Cir. 1975)." Sixth Cir. Pattern J.I. 7.14 While the Supreme Court has expressed skepticism about evidence of flight the

Sixth Circuit has held "[w]here evidence of flight has genuine probative value, however, it is generally admissible as evidence of guilt, and ... juries are given the power to determine 'how much weight should be given to such evidence." *United States v. Dillon,* 870 F.2d 1125, 1126 (6th Cir. 1989); quotations omitted. "[B]efore a jury may be permitted to consider flight as evidence of guilt, the district court must determine that the flight evidence has genuine probative value." *United States v. Oliver,* 397 F.3d 369, 376 (6th Cir. 2005) (citing *Dillon,* 870 F.2d at 1126).

The Court should apply a four-step analysis to determine probative value. *Id.* "For evidence of flight to be of probative value, four inferences must be drawn:

> (1) from the defendant's behavior to flight;
> (2) from flight to consciousness of guilt;
> (3) from consciousness of guilt to consciousness of guilt concerning the crime charged; and
> (4) from consciousness of guilt concerning the crime charged to actual guilt of the crime charged."

*Id.*

As to the first inference, the defendant escaped from a transport van headed to court during the pendency of this case. He was missing for 34 days before law enforcement found him in Florida. Additionally, he was found guilty of the Escape. During that trial he openly admitted that he escaped from custody.

As to the second and third inferences, the defendant fled after being initially indicted. While he did not flee immediately after encountering police in April of

Page—5

2023, he did flee "after becoming aware that the government charged him with a crime and being informed of the crimes charged." *United States v. White*, 543 F. App'x 563, 567 (6th Cir. 2013) (citing *Dillon,* 870 F.2d at 1128). In *White,* the court noted that "the mental crisis that precipitates flight may fail to occur immediately after the crime, only to erupt much later, when the defendant learns that he or she is charged with the crime and sought for it." *Id.* Prior to the charges in this case, the defendant was arrested on numerous other federal charges related to ammunition and drug possession. The defendant was in jail for nearly five months, but approximately a month after being indicted on three counts of Production of Child Pornography the defendant escaped custody. It is clear that the defendant only fled after he was charged with the offenses in this case, which shows a direct correlation to these charges and consciousness of guilt.

      As to the fourth inference, the defendant does not have to escape immediately after the offense nor immediately after being accused of the offense for consciousness of guilt to apply. See *Touchstone*, 726 F.2d at 1119-20. "Where it is clear the defendant is aware of the charges against him, the immediacy factor is not required to show consciousness of guilt." *Oliver*, 397 F.3d at 377(upholding flight instruction where defendant fled over a year and a half after arrest). In this case because the defendant only escaped after he was indicted in this case and not during the five months prior when a second case was pending, it is clear that his escape was directly related to the charges in this case.

Page—6

Finally, the defendant's flight as evidence of consciousness of guilt is not more prejudicial than probative as it is direct evidence of his intent. Further any prejudice is resolved with the Pattern Jury Instruction 7.14 addressing flight, consciousness of guilt and what weight the jury should place on the evidence.

## III. CONCLUSION

For the above reasons, this Court should admit the proposed evidence as admissible consciousness of guilt evidence.

Respectfully submitted,

FRANCIS M. HAMILTON, III
United States Attorney

By: *s/ Meghan L. Gomez*
Meghan L. Gomez
Assistant U.S. Attorney
FL Bar # 068858
220 West Depot Street, Ste. 423
Greeneville, TN 37743
423/639-6759
Meghan.Gomez@usdoj.gov

By: *s/ Emily M. Swecker*
Emily M. Swecker
TN BPR: 029401
220 W. Depot Street, Suite 423
Greeneville, Tennessee 37743
(423) 639-6759
Emily.swecker@usdoj.gov

Page—7