IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| UNITED STATES OF AMERICA, | ) |  |
|---|---|---|
|  | ) |  |
| v. | ) | Case No. 2:23-cr-00111 |
|  | ) | JUDGE GREER |
| SEAN CHRISTOPHER WILLIAMS, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

### DEFENDANT SEAN WILLIAMS MOTION FOR JUDGMENT OF ACQUITTAL OR A NEW TRIAL

COMES the Defendant Sean Christopher Williams ("Williams"), by and through counsel, and pursuant to *Fed. R. Crim. P. 29(c)* and *Fed. R. Crim. P. 33* and moves this Court for Entry of Judgment of Acquittal on all charges in the Superseding Indictment or in the alternative for a New Trial, as the Jury Verdict is against the manifest weight of the evidence.

### FACTUAL BACKGROUND

Williams was charged with three (3) counts in a Superseding Indictment returned by the Grand Jury on September 10, 2024. Count 1 charged Williams from on or about June 2008 to June 2009 with knowingly employing, using, persuading, inducing, enticing, or coercing a minor described as Minor Victim 1 for the purpose of engaging in sexually explicit conduct and producing a visual depiction of such conduct with a nexus to interstate commerce. (Superseding Indictment, RE. 100, Page ID #2133 – 2135). Counts 2 and 3 charged the same crime with minor victims described as Minor Victims 2 and 3.

Williams proceeded to trial on November 12 – 14, 2024. At the close of the Government's proof, Williams moved the Court for a Fed. R. Crim. P. 29(c) Judgment of Acquittal. The motion

was denied. Williams renewed his motion at the end of all the proof and the motion was again denied.

The Jury found Williams guilty on all three (3) counts on November 14th. Williams renews his Rule 29 motion and, in the alternative moves this Court for a New Trial under Federal Rule of Criminal Procedure 33.

## ARGUMENT

### I. Legal Standard

#### a. Motion for Judgment of Acquittal

Fed. R. Crim. P. 29(c) provides –

"(c) After Jury Verdict or Discharge.
(1) Time for Motion. A defendant may move for a Judgment of Acquittal, or renew such motion, within 14 days after a guilty verdict or after the court discharges the jury, which is later.
(2) Ruling on the Motion. If the jury has returned a guilty verdict, the court may set aside the verdict and enter an acquittal. If the jury has failed to return a verdict, the court may enter judgment of acquittal.
(3) A defendant is not required to move for a judgment of acquittal before the court submits the case to the jury as a prerequisite for making such a motion after jury discharge."

*Fed. R. Crim. P. 29(c) (West 2024)*.

A Rule 29(c) "motion is a challenge to the sufficiency of the evidence, raised following a jury verdict or discharge." *United States v. Huff*, 3:10-cr-73, 2012 WL 441197 at *1 (E.D. Tenn. 2012). "When reviewing a sufficiency of the evidence claim, a court must decide, whether, after viewing the evidence in a light most favorable to the government, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id*. (citing, *United States v. Gardner*, 488 F. 3d 700, 710 (6th Cir. 2007); *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781. 61 L. Ed. 2d 560 (1979)). In determining the motion, "the court can neither independently weigh the evidence, nor judge the credibility of the witnesses who testified at trial."

2

*Id*. (citing, *United States v. Welch*, 97 F. 3d 142, 148 (6th Cir. 1996)). "After a review of the evidence, a court may conclude that a conviction is supported by sufficient evidence even though the circumstantial evidence does not remove every hypothesis except that of guilt." *Id*. (citing, *United States v. Jones*, 102 F. 3d 804, 807 (6th Cir. 1991)). "In making this evaluation, the sufficiency of the evidence must be viewed in terms of the entirety of the record." *Id*. (citing, *United States v. Stone*, 748 F. 2d 361, 363 (6th Cir. 1984)).

### b. Motion for a New Trial

Federal Rule of Criminal Procedure 33 provides –

> "(a) Defendant's Motion. Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires. If the case was tried without a jury, the court may take additional testimony and enter a new judgment."

*Fed. R. Crim. P. 33(a) (West 2024)*.

"Rule 33 of the Federal Rules of Criminal Procedure provides that, on the motion of a defendant, the court may grant a new trial if required in the interest of justice." *United States v. Huff*, 3:10-cr-73, 2012 WL 441197 at *1 (E.D. Tenn. 2012). A motion for a new trial "May be premised upon the argument that the jury's verdict is against the manifest weight of the evidence." *Id*. (citing, *United States v. Hughes*, 505 F. 3d 578, 593 (6th Cir. 2007)). The motion "should only be granted in the extraordinary circumstances where evidence preponderates against the verdict." *Id*. "In considering a Rule 33(a) challenge to a conviction based on the weight of the evidence, a court can consider the credibility of witnesses and the weight of the evidence to ensure that there is not a miscarriage of justice. It has often been said that…[the judge] sits as a thirteenth juror." *Id*. (citing, *United States v. Ashworth*, 836 F. 2d 260, 266 (6th Cir. 1988)).

Courts in the Sixth Circuit have noted "while Rule 29(c) and Rule 33(a) deal with similar issues, the two rules are governed by different standards of review. *Id*. "On a motion for judgment

of acquittal, pursuant to Rule 29(c), a court is required to approach the evidence from a standpoint most favorable to the government, and to assume the truth of the evidence offered by the prosecutor." *Id*. "On a motion for a new trial pursuant to Rule 33(a), the power of the Court is much broader because the court may weigh the evidence and consider the credibility of witnesses." *Id*. (citing, Charles Alan Wright, Nancy King & Susan Klein, *Federal Practice and Procedure* §533 (3d. ed. 2004).

## II. WILLIAMS RESPECTFULLY REQUESTS A JUDGMENT OF ACQUITTAL OR A NEW TRIAL

Williams was convicted on three (3) counts of violating 18 U.S.C. §2251(a) which provides:

> "Any person who employs, uses, persuades, induces, entices, or coerces any minor to engage in or who has a minor assist any other person to engage in, or who transports any minor in or affecting interstate or foreign commerce, or in any Territory or Possession of the United States, with the intent that such minor engage in, any sexually explicit conduct for the purpose of producing any visual depiction of such conduct or for the purpose of transmitting a live visual depiction of such conduct, shall be punished as provided under subsection (e), if such person knows or has reason to know that such visual depiction will be transported or transmitted using any means or facility of interstate or foreign commerce, or mailed, if that visual depiction was produced or transmitted using materials that have been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer, or if such visual depiction has actually been transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or mailed."

*18 U.S.C. §2251(a) (West 2024)*.

The Sixth Circuit has found that "[t]o violate §2251(a), a defendant must sexually exploit a minor for the purpose of producing a visual depiction of this exploitation and that same visual depiction must be produced using materials that have an interstate commerce element." *United States v. Lively*, 852 F. 3d 549, 561 (6th Cir. 2017).

In Williams' case the United States never argued the images were produced using materials that affected interstate or foreign commerce. Indeed, Sixth Circuit precedent firmly establishes

4

that doing so meets the interstate commerce element and any defendant argument to the contrary is meritless. *See, United States v. Sykes,* 65 F. 4th 867, 881 (6th Cir. 2023) (finding that defendant argued all the government did to prove the interstate commerce element was the testimony of investigator Williams who opened the back of both phones and testified that the phones were made in China and holding: "our precedent requires nothing more").

It is clear from the proof that the United States did not introduce evidence showing images were produced by devices which traveled in interstate commerce. Those devices being two cameras (a Cannon Camera and a Sony Camera, and an iPhone XR). Rather the United States' theory was that because the images were taken in Johnson City, Tennessee and found in Cullowhee, North Carolina there was an "affect" on interstate commerce meeting the jurisdictional element.

The United States' theory however rests on the assumption that the photographs introduced into evidence were taken on the devices the United States asserts they were taken on and more importantly in Johnson City, Tennessee at the date and time corresponding to the victims' mothers' testimony. It is undisputed from the proof that the United States did not locate or seize the devices as part of its case. It is also undisputed that in the case of two (2) sets of photographs, the metadata extracted from the pictures may not be accurate, as the time and date must be set by the user and there's no proof that was done. In the case of the iPhone XR, the date and time are typically set automatically. *See also, Sixth Circuit Pattern Jury Instruction 16.01(2)(G)* ("The term 'in interstate commerce' means the [visual depiction] [production or transmission materials] crossed [would cross] a state line"); and *Sixth Circuit Pattern Jury Instruction 16.01(2)(I)* ("The phrase 'affecting' [foreign] commerce or means having at least a minimal effect upon interstate [foreign] commerce").

5

Case 2:23-cr-00111-JRG-CRW    Document 150    Filed 11/27/24    Page 5 of 7    PageID #: 3595

The proof on the element of interstate commerce was not met and because it was not, the elements of the crime were not proven beyond a reasonable doubt and Williams is entitled to a judgment of acquittal.

In the alternative, and for the same reasons as above, Williams is entitled to a New Trial. An order for a new trial may be based on a defendant's argument that the jury's verdict is against the manifest weight of the evidence and in extraordinary circumstances where evidence preponderates against the verdict.

That is the situation here. The Court may assume the role of thirteenth juror and grant a new trial based on the lack of evidence on the interstate commerce element. Without such evidence, the elements of the crimes charged have not been met and it would be a miscarriage of justice to allow this verdict to stand. Williams respectfully requests a New Trial.

## **CONCLUSION**

For reasons set forth herein, Defendant Sean Christopher Williams respectfully requests that this Court enter a Judgment of Acquittal or in the alternative grant a new trial.

Respectfully submitted this 27th day of November 2024.

/s/ Mark E. Brown
Mark E. Brown (BPR #021851)
MENEFEE & BROWN, P.C.
2633 Kingston Pike, Ste. 100
Knoxville, Tennessee 37919
Phone: (865) 357-9800
Fax: (865) 357-9810
email: mbrown@menefeebrown.com

*Attorney for the Defendant Sean Williams*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 27th day of November 2024 a true and exact copy of this document has been served via this Court's electronic filing system. Service is made on all parties appearing on this Court's electronic service certificate. All parties in interest may access this pleading via ECF.

/s/ Mark E. Brown
Mark E. Brown